# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO WOODIS, Inmate Booking No. 17137550, Plaintiff, v. PUBLIC DEFENDERS OFFICE; A. RODREGUIZ; CITY OF SAN DIEGO, Defendants. | Case No.: 17-cv-01746-MMA-JLB <br><br> **1) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)** <br><br> **AND** <br><br> **2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [Doc. No. 2]** |

Deno Woodis ("Plaintiff"), formerly housed at the Vista Detention Facility, and proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, on August 29, 2017. *See* Compl. at 1, Doc. No. 1. Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or

the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

      A.    Plaintiff's allegations

Plaintiff's Complaint is disjointed and it is difficult to comprehend the nature of Plaintiff's allegations. It appears that Plaintiff is currently on parole. (*See* Compl. at 3.) He claims that he had "drunk some alcohol" and was issued a warrant because his "GPS went dead" despite having "charg[ed] 3 times." (*Id.*)

      1.    Public Defender

It is not clear why Plaintiff is suing the Public Defender's Office. He appears to claim they "violated due process of rights." (Compl. at 2.) If Plaintiff's intention is to state a claim under 42 U.S.C. § 1983 against his defense counsel, Plaintiff must also allege that his defense counsel acted "under color of state law" to deprive him of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981), quoting *United States v. Classic*, 313 U.S. 299, 326 (1941).

Attorneys who represent criminal defendants generally do not act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed." *Dodson*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). When attorneys perform as advocates, i.e., meet with clients, investigate possible defenses, present evidence at trial, or make arguments to a judge or jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.")

### 2. Parole Agent

Plaintiff claims that his parole agent was "unprofessional." (Compl. at 2.) To the extent Plaintiff seeks money damages against his parole agent for alleged constitutional violations, the Court finds the constitutional claims against this Defendant must be dismissed for seeking damages against defendants who are immune pursuant to 28 U.S.C. § 1915A(b)(2).

Defendant Rodreguiz is entitled to absolute immunity for claims of money damages relating to allegations of imposing unconstitutional parole conditions. *See Thornton v. Brown,* 757 F.3d 834, 840 (9th Cir. 2013). The Ninth Circuit has held "absolute immunity "extend[s] to parole officials for the 'imposition of parole conditions' because that task is 'integrally related to an official's decision to grant or revoke parole,' which is a 'quasi-judicial function.'" *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting *Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983)).

### 3. City of San Diego

While the City of San Diego may be considered a "person" properly subject to suit under § 1983, *see Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), the City may be held

3

17-cv-01746-MMA-JLB

liable only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality, or a "final decision maker" for the municipality. *Monell*, 436 U.S. at 690; *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002).

The City of San Diego "cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691; *Navarro*, 72 F.3d at 714. Instead, to allege a claim of municipal liability, Plaintiff must include in his pleading enough "factual content" to support a reasonable inference to show that: (1) he was deprived of a constitutional right; (2) the county had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 678; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

As currently pleaded, however, Plaintiff's Complaint fails to state a claim under 28 U.S.C. § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that he was subject to unconstitutional conditions of confinement pursuant to any municipal custom, policy, or practice implemented or promulgated with deliberate indifference to his constitutional rights, or that such a policy was the "moving force" or cause of his injury. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying Iqbal's pleading standards to Monell claims); *Brown*, 520 U.S. at 404 ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the

deprivation of federal rights.").

## II. Conclusion and Order

Good cause appearing, the Court:

1) **DISMISSES** Plaintiff's Complaint for failing to state a claim and for seeking monetary relief against immune Defendants pursuant to 28 U.S.C. § 1915A(b)(1) & 1915A(b)(2);

2) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as moot.

3) **DENIES** Plaintiff further leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *Gonzalez*, 759 F.3d at 1116 (district court's discretion in denying amendment is "particularly broad" when it has previously granted leave to amend);

4) **CERTIFIES** that an appeal of this final Order of dismissal would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

5) **DIRECTS** the Clerk of Court to enter judgment accordingly, terminate this civil action, and close the file.

**IT IS SO ORDERED**.

DATE: September 26, 2017

HON. MICHAEL M. ANELLO
United States District Judge